UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| DAVID M. ANDERSON, | : | Case No. 1:24-cv-700 |
| Plaintiff, | : | |
| vs. | : | District Judge Matthew W. McFarland |
| | : | Magistrate Judge Peter B. Silvain, Jr. |
| DAVID CONLEY, *et al.*, | : | |
| Defendants. | : | |

## REPORT AND RECOMMENDATION[1]

Plaintiff, a prisoner at the Southern Ohio Correctional Facility, has filed a *pro se* civil rights complaint against Defendants David Conley and Officer Fore. (*See* Doc. 1-1, Complaint at PageID 12). By separate Order Plaintiff has been granted leave to proceed *in forma pauperis.*

On December 13, 2024, the Court issued an Order providing Plaintiff with the opportunity to file an Amended Complaint. (Doc. 2). As noted in the Order, Plaintiff's Complaint appears to be incomplete, including a blank "Statement of Claims" page. (*See* Doc. 1-1, Complaint at PageID 15). Noting that the Complaint otherwise failed to state with particularity what any named Defendant did or failed to do in violation Plaintiff's rights, the Court provided Plaintiff with thirty days to file an Amended Complaint. The Order further specified that should Plaintiff fail to file an Amended Complaint, the Court would proceed with the initial screen of the Complaint as submitted. (*See* Doc. 2, at PageID 61). To date, more than thirty days after the December 13, 2024 Order, Plaintiff has not responded to the Order.

---

[1] Attached is a NOTICE to the parties regarding objections to the Report and Recommendation.

Accordingly, this matter is before the Court for a *sua sponte* review of the Complaint to determine whether the Complaint, or any portion of it, should be dismissed because it is frivolous, malicious, fails to state a claim upon which relief may be granted or seeks monetary relief from a Defendant who is immune from such relief. *See* Prison Litigation Reform Act of 1995 § 804, 28 U.S.C. § 1915(e)(2)(B); § 805, 28 U.S.C. § 1915A(b).

### Screening of Plaintiff's Complaint

**A. Legal Standard**

Congress enacted 28 U.S.C. § 1915, the federal *in forma pauperis* statute, seeking to "lower judicial access barriers to the indigent." *Denton v. Hernandez*, 504 U.S. 25, 31 (1992). In doing so, however, "Congress recognized that 'a litigant whose filing fees and court costs are assumed by the public, unlike a paying litigant, lacks an economic incentive to refrain from filing frivolous, malicious, or repetitive lawsuits.'" *Id.* at 31 (quoting *Neitzke v. Williams*, 490 U.S. 319, 324 (1989)). To address this concern, Congress included subsection (e)(2)[2] as part of the statute, which provides in pertinent part:

> (2) Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that—
>
> * * *
>
> (B) the action or appeal—
>
> (i) is frivolous or malicious;
>
> (ii) fails to state a claim on which relief may be granted; or
>
> (iii) seeks monetary relief against a defendant who is immune from such relief.

28 U.S.C. § 1915(e)(2)(B); *Denton*, 504 U.S. at 31. *See also* § 1915A(b). Thus, § 1915(e) requires *sua sponte* dismissal of an action upon the Court's determination that the action is frivolous or

---

[2] Formerly 28 U.S.C. § 1915(d).

malicious, or upon determination that the action fails to state a claim upon which relief may be granted.

To properly state a claim upon which relief may be granted, a plaintiff must satisfy the basic federal pleading requirements set forth in Federal Rule of Civil Procedure 8(a). *See also Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010) (applying Federal Rule of Civil Procedure 12(b)(6) standards to review under 28 U.S.C. §§ 1915A and 1915(e)(2)(B)(ii)). Under Rule 8(a)(2), a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Thus, Rule 8(a) "imposes legal *and* factual demands on the authors of complaints." *16630 Southfield Ltd., P'Ship v. Flagstar Bank, F.S.B.*, 727 F.3d 502, 503 (6th Cir. 2013).

Although this pleading standard does not require "'detailed factual allegations,' . . . [a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action'" is insufficient. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). A complaint will not "suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Id.* (quoting *Twombly*, 550 U.S. at 557). Instead, to survive a motion to dismiss for failure to state a claim under Rule 12(b)(6), "a complaint must contain sufficient factual matter . . . to 'state a claim to relief that is plausible on its face.'" *Id.* (quoting *Twombly*, 550 U.S. at 570). Facial plausibility is established "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* "The plausibility of an inference depends on a host of considerations, including common sense and the strength of competing explanations for the defendant's conduct." *Flagstar Bank*, 727 F.3d at 504 (citations omitted). Further, the Court holds *pro se* complaints "'to less stringent standards than formal pleadings drafted by lawyers.'" *Garrett*

3

*v. Belmont Cnty. Sheriff's Dep't.*, No. 08-3978, 2010 WL 1252923, at *2 (6th Cir. April 1, 2010) (quoting *Haines v. Kerner*, 404 U.S. 519, 520 (1972)). This lenient treatment, however, has limits; "'courts should not have to guess at the nature of the claim asserted.'" *Frengler v. Gen. Motors*, 482 F. App'x 975, 976–77 (6th Cir. 2012) (quoting *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989)).

### B. Allegations in the Complaint

Without factual elaboration, Plaintiff alleges that Defendants were deliberately indifferent to his serious medical needs. (Doc. 1-1, Complaint at PageID 13). Aside from this conclusory allegation, Plaintiff's sole allegation against Defendant Conley is that he is employed by the Ohio Department of Rehabilitation and Corrections (ODRC) as the Advanced Level Provider/Nurse Practitioner. (*Id.*). As to Defendant Officer Fore, Plaintiff also alleges that he is employed by the ODRC and that Fore "was working as housing unit booth officer, operating the electronic crossover crash gates while on his cell phone." (*Id.*). It appears that Plaintiff contends that Fore negligently operated the gate resulting in the gate temporarily closing on his hand. (*See id.* at PageID 13, 16).

As relief, Plaintiff seeks monetary damages. (*Id.* at PageID 14).

### C. Analysis.

For the reasons set forth below, the Complaint should be dismissed in its entirety. *See* 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b).

As an initial matter, although Plaintiff names David Conley as a Defendant to this action, he includes no factual allegations against this Defendant aside from asserting that Conley is employed by the ODRC and his conclusory claim that Defendants were "negligently indifferent to a serious medical need and or inadequate medical treatment." (Doc. 1-1, Complaint at PageID 13

4

(quotation marks omitted)).[3]  Plaintiff's "naked assertion[s] devoid of further factual enhancement" fail to meet the basic pleading standard under *Twombly*. *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 557) (internal quotation marks omitted). Accordingly, Plaintiff has pled insufficient factual content to state a claim for relief against Defendant Conley. *See Twombly,* 550 U.S. at 5.

Defendant Officer Fore should also be dismissed as a Defendant to this action. As noted, above, Plaintiff seeks to hold Fore liable for negligently operating the crossover crash gates while on the phone. (*See* Doc. 1-1, Complaint at PageID 13). Plaintiff does not allege that Fore intentionally closed the door on his hand or denied him medical care following the incident, much less that Fore was deliberately indifferent to his health or safety, as would be required to plausibly state a claim for relief under the Eighth Amendment. *See Porter v. Nussle*, 534 U.S. 516, 528 (2002) (citing *Hudson v. McMilliam*, 503 U.S. 1 (1992) (holding that a prisoner alleging excessive force—which concerns "purposeful or knowing conduct"—must demonstrate that the defendant acted "maliciously and sadistically to cause harm")). *See also Farmer v. Brennan,* 511 U.S. 825 (1994). To the contrary, the allegations in the attached grievances suggest that Fore was not aware that the gate closed on Plaintiff's hand until Sergeant Samons subsequently radioed for him to open the gate and Plaintiff was sent to medical following the incident. (*Id.* at PageID 16).

To state a viable claim under § 1983, Plaintiff must allege that he was deprived of "a right secured by the United States Constitution or a federal statute." *See Spadafore v. Gardner*, 330 F.3d 849, 852 (6th Cir. 2003). Mere negligence is insufficient to state a claim of constitutional

---

[3] Plaintiff does include thirty-two pages of grievances and/or correspondence regarding the incident as an attachment to the Complaint, however Conley is not mentioned in the documents. (*See* Doc. 1-1, Complaint at PageID 16-47). The documents instead include allegations regarding other individuals who are not named as Defendants to this action in connection with his alleged denied medical care. (*See id.* at PageID 16, 18 (asserting allegations against Nurse Durham and a female ALP)). The documents submitted by Plaintiff fail to specify what Defendant Conley did or failed to do that he claims resulted in a violation of his rights.

dimension under § 1983. *See, e.g., Warren v. Doe,* 28 F. App'x 463, 464 (6th Cir. 2002) (citing *Ritchie v. Wickstrom*, 938 F.2d 689, 692 (6th Cir. 1991), as support for holding that "the district court properly dismissed [the plaintiff's] case because his allegations involved mere negligence that is not actionable under § 1983"). *Cf. Quinn v. Esham*, No. 1:13cv864, 2014 WL 4774604, at *2 (S.D. Ohio July 23, 2014) (Bowman, M.J.) (Report & Recommendation) (pointing out that the plaintiff's original allegations of "negligent behavior" by prison staff "failed to state any claim under § 1983 and therefore were subject to dismissal at the screening stage"), *adopted*, 2014 WL 4774621 (S.D. Ohio Sept. 24, 2014) (Weber, J.). Plaintiff's allegations that Fore was negligent in operating the gate while on the phone is insufficient to state a claim upon which relief may be granted under § 1983.

Accordingly, Plaintiff fails to state a claim upon which relief may be granted and the Complaint should be dismissed pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b)(1).

### IT IS THEREFORE RECOMMENDED THAT:

1. The Complaint be **DISMISSED** with prejudice pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b)(1).

2. The Court certify pursuant to 28 U.S.C. § 1915(a)(3) that for the foregoing reasons an appeal of any Order adopting this Report and Recommendation would not be taken in good faith and therefore deny plaintiff leave to appeal *in forma pauperis*. *See McGore v. Wrigglesworth*, 114 F.3d 601 (6th Cir. 1997).

March 18, 2025　　　　　　　　　　　　　　　　　s/*Peter B. Silvain, Jr.*
　　　　　　　　　　　　　　　　　　　　　　　　　Peter B. Silvain, Jr.
　　　　　　　　　　　　　　　　　　　　　　　　　United States Magistrate Judge

**NOTICE REGARDING OBJECTIONS**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to this Report & Recommendation ("R&R") within **FOURTEEN (14) DAYS** after being served with a copy thereof. That period may be extended further by the Court on timely motion by either side for an extension of time. All objections shall specify the portion(s) of the R&R objected to, and shall be accompanied by a memorandum of law in support of the objections. A party shall respond to an opponent's objections within **FOURTEEN DAYS** after being served with a copy of those objections. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).